IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

AJOY KAPILA,

                      Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

                      Defendant.

ORDER

08-cv-229-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a civil action for injunctive relief brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§701-706. Plaintiff Ajoy Kapila, a federal prisoner, alleges that respondent Federal Bureau of Prisons is using 28 C.F.R. §§ 570.20 and 570.21 to determine when he is eligible for placement in a halfway house (which respondent now calls a Residential Reentry Center). Under §§ 570.20 and 570.21, plaintiff may not be transferred to a halfway house until the final 10% of his sentence. He contends that the regulations are invalid under 18 U.S.C. § 3621(b), which permits the Federal Bureau of Prisons to place prisoners in "any available penal or correctional facility," using five statutory criteria to make the assessment. He requests a preliminary injunction directing respondent to determine his eligibility for halfway house placement without reference to §§ 570.20 and 570.21. He has

1

paid the $350 filing fee.

The Administrative Procedures Act applies to "final agency action" only. 5 U.S.C. § 704. Agency action is not "final" for purposes of § 704 unless "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." Darby v. Cisneros, 509 U.S. 137, 146 (1993). In this case, plaintiff has an available administrative remedy under 28 C.F.R. §§ 542.10-19, which "allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The process includes three steps, beginning with a grievance filed with the warden, followed by appeals to the regional director and then to general counsel if the prisoner is dissatisfied with any of the earlier decisions. 28 C.F.R. § 542.15(a).

Plaintiff has submitted his grievance materials with his complaint. Because these materials show that the highest reviewing authority rejected his challenge to "the 10% rule," his claim appears to be ripe for review. (I note that plaintiff may not have exhausted "properly" as required by Woodford v. Ngo, 548 U.S. 81 (2006), because his final appeal was rejected as untimely. Because a failure to exhaust properly is an affirmative defense, Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999), it may be waived by the defendant, Dupuy v. McEwen, 495 F.3d 807, 809 (7th Cir. 2007). This case would be appear to be a good candidate for a waiver of the defense. Because defendant's 10% rule is well-established and has been applied consistently (even after this court has declared it to be invalid),

2

requiring plaintiff to file another round of grievances would "serve no purpose other than the creation of an additional procedural technicality," Love v. Pullman, 404 U.S. 522, 526 (1972).)

Because plaintiff is a prisoner, the 1996 Prison Litigation Reform Act requires the court to screen the complaint and dismiss any portion of it that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. Plaintiff raises a similar claim to the one raised in Tristano v. Federal Bureau of Prisons, No. 07-C-189-C (W.D. Wis. 2007), in which I granted a preliminary injunction to a prisoner arguing that 28 C.F.R. §§ 570.20-21 were invalid and that 18 U.S.C. § 3621(b) entitled him to immediate consideration for transfer to a halfway house. Accordingly, I conclude that plaintiff has stated a claim upon which relief may be granted on his claim against defendant. Once respondent has been appropriately served with plaintiff's complaint, it may have 30 days in which to file a response to plaintiff's motion for a preliminary injunction.

Under Fed. R. Civ. P. 4(i), service on a federal agency is accomplished by "sending a copy of the summons and complaint by registered or certified mail to the . . . agency," "sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney" in the relevant judicial district and "sending a copy of the summons and of the complaint by registered or

3

certified mail to the Attorney General of the United States." For the sake of expediency, I will send a summons to the bureau, the local United States Attorney and the United States Attorney General via certified mail, along with a copy of plaintiff's complaint, this order, the materials supporting plaintiff's motion for a preliminary injunction and this court's procedures on motions for preliminary injunctions. Plaintiff should not attempt to complete service on his own behalf.

Entered this 23rd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4